**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ULYSSES BOWNES**                                                      **PETITIONER**

**v.**                                    **No. 3:07CV125-B-A**

**CHRISTOPHER EPPS, ET AL.**                                     **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). The petitioner has not responded, and the deadline to do so expired January 19, 2008. The matter is ripe for resolution. For the reasons set forth below, the state's motion [11] to dismiss shall be granted, and the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

**Facts and Procedural Posture**

On February 25, 2002, Ulysses Bownes was convicted of one count of murder in the Circuit Court of Marshall County, Mississippi, and was sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. Bownes appealed this decision to the Mississippi Supreme Court and, on December 16, 2003, that court affirmed his conviction and sentence. *Bownes v. State*, 861 So.2d 1061 (Miss. App. 2003) (Cause No. 2002-KA-02122-COA). Bownes neither filed a motion for rehearing in the Mississippi Court of Appeals nor sought a writ of *certiorari* to the Mississippi Supreme Court. Instead, on April 4, 2006, he filed a state motion for post-conviction collateral relief in the Circuit Court of Marshall County, Mississippi. The trial court denied the state post-conviction motion on July 24, 2006, and

Bownes appealed the denial. The Mississippi Court of Appeals held that the Marshall County Circuit Court lacked jurisdiction to hear the application for post-conviction relief because Bownes did not first seek permission from the Mississippi Supreme Court to file such an application – and dismissed Bownes' appeal for this reason. *Bownes v. State*, 963 So.2d 1277 (Miss. App. 2007). Bownes filed the instant federal petition for *habeas corpus* relief on October 11, 2007.

## Discussion

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The exceptions of § 2244(d)(1)(B-D) do not apply to this case. As such, Bownes had one year from the date his conviction became final to file his federal petition for a writ of *habeas corpus*. The petitioner's conviction became final for the purposes of 28 U.S.C. § 2244(d) on December 30, 2003 – fourteen days after his conviction was affirmed (December 16, 2003 + 14 days). MISS. R. APP. P. 40(a); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (when petitioner does not appeal, conviction becomes final on expiration of time to take first step necessary to initiate an appeal). Thus, the initial deadline for Bownes to seek federal *habeas corpus* relief was December 30, 2004 (December 30, 2003 + 1 year). This limitations period can be tolled under 28 U.S.C. § 2244(d)(2) by the timely filing of a state application for post-conviction relief. In this case, however, Bownes did not seek state post-conviction relief until April 4, 2006 – 460 days after the December 30, 2004, deadline for seeking federal *habeas corpus* review. As such, Bownes does not benefit from statutory tolling. The petitioner also does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 11, 2007, and the date it was received and stamped as "filed" in the district court on October 17, 2007. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,015 days after the December

30, 2004, filing deadline. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of June, 2008.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE